# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JOSEPH WALKER,
  *Plaintiff*,

  v.

JOHN NICHOLAS and JANE KING,
  *Defendants.*

No. 3:20-cv-118 (VAB)

## INITIAL REVIEW ORDER

Joseph Walker ("Plaintiff"), currently serving a sixty-year sentence and in the custody of the State of Connecticut Department of Correction ("DOC"),[1] filed this Complaint under 42 U.S.C. § 1983 against Lieutenant Nicholas and CC Jane King.[2] ECF No. 1. He alleges violations of his constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution. Compl., ECF No. 1 at 8–9 (Jan. 27, 2020). Mr. Walker seeks damages and declaratory and injunctive relief.[3] He also brings state law claims of assault and battery.[4]

---

[1] *See Inmate Information*, CONN. STATE DEP'T OF CORR. (last visited June 18, 2020), http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=362742; *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (the court may "take judicial notice of relevant matters of public record.").

[2] The Court construes Mr. Walker's reference to CC King as Correctional Counselor King.

[3] Mr. Walker has not alleged that he is suing Defendants in their individual and official capacities. Because he seeks both damages and injunctive and declaratory relief, the Court construes his claims as proceeding againstDefendants in both their individual and official capacities. A plaintiff may only seek injunctive relief under Section 1983 against a corrections officer sued in his official capacity. *Altayeb v. Chapdelaine*, No. 3:16-cv-00067 (CSH), 2016 WL 7331551, at *3 (D. Conn. Dec. 16, 2016).

[4] The Court limits its review under 28 U.S.C. § 1915A to federal law claims. The core purpose of an initial review order is to make a speedy initial screening determination of whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants. If there are no facially plausible federal law claims against any of the named defendants, then the Court would decline to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367. If viable federal law claims remain, then the validity of any accompanying state law claims may be appropriately addressed through a motion to dismiss or a motion for summary judgment. More generally, a determination under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims, for example through a motion to dismiss or a motion for summary judgment.

Upon review, the Court will permit Mr. Walker's Eighth Amendment claim of excessive force to proceed against Lieutenant Nicholas.

## I.     FACTUAL BACKGROUND

### A.     Factual Allegations[5]

On June 12, 2019, Mr. Walker allegedly engaged in a verbal argument with another inmate, who proposed getting into a physical fight. Compl., ECF No. 1 at 5, ¶ 1. Mr. Walker allegedly swung at the inmate to begin the fight. *Id.* Lieutenant Nicholas allegedly arrived and told Mr. Walker to put his hands up and turn around. *Id.* at 5, ¶¶ 1–2. After Mr. Walker complied with these orders, Lieutenant Nicholas allegedly sprayed him in the back with mace and told him to get on the ground.[6] *Id.* at 5, ¶ 2. Lieutenant Nicholas allegedly then got on top of Mr. Walker and handcuffed him. *Id.* at 5, ¶¶ 2–3.

After the other inmate allegedly indicated that Mr. Walker was from New Haven, Lieutenant Nicholas allegedly came back to Mr. Walker and sprayed an enormous amount of mace in his face. *Id.* at 5, ¶¶ 3–4. Lieutenant Nicholas allegedly kicked Mr. Walker in the back of his head, and Mr. Walker screamed, "You just assaulted me." *Id.* at 5, ¶ 4. Lieutenant Nicholas allegedly responded by stating that it could have been worse, and he asked Mr. Walker why he had assaulted the other inmate. *Id.* Mr. Walker allegedly screamed, "You just assaulted me for no reason." *Id.* at 6. After several correction officers arrived, Lieutenant Nicholas allegedly directed them to jump on Mr. Walker, causing injury to his lower back and spine. *Id.*

---

[5]All factual allegations are drawn from the Complaint. *Id.* ¶¶ 1–8.

[6] Although Mr. Walker has not alleged specifically the substance with which Lieutenant Nicholas sprayed him, the Court construes from his other allegations that the substance was mace. *See id.* at 5, ¶¶ 1, 4.

Correctional staff then allegedly placed Mr. Walker in the Restrictive Housing Unit ("RHU") cell without proper decontamination. *Id.* Mr. Walker allegedly experienced burning on his neck and face. *Id.*

Lieutenant Nicholas allegedly came to Mr. Walker's cell door and verbally harassed him. *Id.* Mr. Walker allegedly asked him why he had kicked him in the face. *Id.* Lieutenant Nicholas allegedly stated that it could have been worse with Mr. Walker going to the hospital. *Id.*

Mr. Walker allegedly suffers from back pain and headaches, and he allegedly has not received adequate pain management medication. *Id.*

Mr. Walker allegedly requested video footage of the events concerning Lieutenant Nicholas's assault. *Id.*

In June 2019, Mr. Walker allegedly filed a written informal request for resolution, but never received a response. *Id.*

In July 2019, Mr. Walker allegedly filed grievances under Administrative Directive 9.6, which allegedly Correctional Counselor King addressed. *Id.* at 6–7. He allegedly spoke to Correctional Counselor King, who allegedly advised Mr. Walker to follow the chain of command in filing his grievances. *Id.* at 7. After she informed him that she had not received his grievance filed on July 12, 2019 (requesting a separation from Lieutenant Nicholas), Mr. Walker allegedly filed the same grievance on July 13, 2019. *Id.*

Mr. Walker allegedly never received a response to this grievance, however, and he claims that Correctional Counselor King discarded it. *Id.* In another conversation, Correctional Counselor King allegedly informed Mr. Walker that the informal Inmate Request Form had to be attached to the grievance. *Id.* Although Mr. Walker allegedly followed her instructions, his grievance allegedly was denied as untimely. *Id.*

3

Mr. Walker also allegedly filed a Level 2 Appeal, but it was rejected. He allegedly filed a grievance against Correctional Counselor King, which was denied. He then allegedly filed a Level 3 Appeal, even though his Level 2 Appeal allegedly could not be subject to further review. *Id.* He allegedly never received a response to his Level 3 Appeal. *Id.*

### B. Procedural History

On January 27, 2020, Mr. Walker filed his Complaint. Compl.

On March 19, 2020, the Court granted his motion to proceed *in forma pauperis*, after rejecting two previous motions as insufficient. *See* Order, ECF No. 18 (Mar. 19, 2020).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III.   DISCUSSION

The Court construes Mr. Walker's Complaint as asserting an Eighth Amendment claim of excessive force against Lieutenant Nicholas and a Fourteenth Amendment claim of procedural due process violation against Correctional Counselor King.[7] The Court also construes Mr.

---

[7] Mr. Walker alleges that he suffered from back pain and headaches and was not provided with adequate pain management medication. Compl. at 6. However, he fails to raise an inference of a plausible claim of Eighth

5

Walker's allegations to assert state law claims of assault and battery against Lieutenant Nicholas.

### A.     The Eighth Amendment Claim—Excessive Force

The Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). An inmate alleging excessive force in violation of the Eighth Amendment has the burden of establishing both an objective and subjective component to his claim. *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000); *see also Romano v. Howarth*, 998 F.2d 101, 104–05 (2d Cir. 1993) ("The Supreme Court has discerned that an Eighth Amendment claim comprises both an objective and subjective component.").

To satisfy the objective component, the inmate must allege that the defendant's conduct was serious enough to have violated "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks and citation omitted). A *de minimis* use of force will rarely be sufficient to satisfy the objective element unless that force is also "repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (quoting *Hudson*, 503 U.S. at 9–10 (internal quotation marks omitted)).

To satisfy the subjective component, the inmate must allege use of excessive force by a correctional officer in violation of the Eighth Amendment; the issue is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6–7 (1992). The "core judicial inquiry" is "not whether a certain quantum of injury was sustained," but rather whether unreasonable

---

Amendment deliberate indifference to his medical needs based on these allegations. He has not indicated that any defendant had any awareness of his medical needs for his back pain and headaches or that any defendant had any personal involvement in the Eighth Amendment violation by acting with conscious disregard to his need for medical treatment for his back pain and headaches and pain management medication. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983").

force was applied given the circumstances. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The court considers factors including "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7 (internal quotations and citation omitted).

Mr. Walker's allegations may be construed most broadly to suggest that he was not resisting, posing a risk to the officers, or causing further disturbance in the prison when Lieutenant Nicholas sprayed him with mace, got on top of him to handcuff him, sprayed mace on him a second time, kicked him on the back of his head, instructed other correctional officers to jump on him, and placed him in a RHU cell without proper decontamination of the mace spray. Compl. at 5–6. These allegations raise an inference that Lieutenant Nicholas's application of force was more than *de minimis* and went beyond a good faith effort to restore order or discipline to the prison environment, but instead intended to maliciously or sadistically cause Mr. Walker harm and suffering.

Accordingly, at this time and on this review, Mr. Walker's allegations are sufficient to state an Eighth Amendment excessive force claim against Lieutenant Nicholas.

### B.     The Fourteenth Amendment Due Process Claim

"[I]nmate grievance programs created by state law are not required by the Constitution, and consequently allegations that prison officials violated those procedures do not give rise to a cognizable Section 1983 claim." *Alvarado v. Westchester Cty.*, 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014) (citations, alterations, and quotation marks omitted). "Inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance processed properly." *Schlosser v. Manuel*, No. 3:19-cv-1444 (SRU), 2020 WL

127700, at *5 (D. Conn. Jan. 10, 2020) (citing *Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (claim relating to grievance procedures "confused a state-created procedural entitlement with a constitutional right;" "neither state policies nor 'state statutes . . . create federally protected due process entitlements to specific state-mandated procedures'")).

Mr. Walker alleges violation of his Fourteenth Amendment due process rights, asserting that Correctional Counselor King acted in her position as Grievance Coordinator to thwart his efforts to seek redress through his prison administrative remedies. Compl. at 9. Mr. Walker complains that Correctional Counselor King's interference with his grievances has provided the Attorney General an affirmative defense to dismiss this action because he has not been able to exhaust his administrative remedies.

But even if prison officials "thwart[ed] [him] from taking advantage of a grievance process through machination, misrepresentation, or intimidation[,]" he would be able to proceed to federal court because the administrative remedies would be considered unavailable. *See Ross v. Blake*, 136 S. Ct. 1850, 1858–59 (2016) (explaining exception to exhaustion requirement when administrative remedies are unavailable). In any event, the grievance procedures, in and of themselves, do not create enforceable constitutional rights for Mr. Walker. *See Schlosser*, 2020 WL 127700, at *5 ("Inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance processed properly.").

Accordingly, Mr. Walker's claim of a procedural due process violation under the Fourteenth Amendment will be dismissed under 28 U.S.C. § 1915A(b).

    **C.**    **Official Capacity Claims**

In *Ex parte Young*, 209 U.S. 123 (1908), the United States Supreme Court recognized a limited exception to the Eleventh Amendment's grant of sovereign immunity from suit to permit

a plaintiff to sue a state official acting in an official capacity for prospective injunctive relief for continuing violations of federal law. *Id.* at 155–56; *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005). "A plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from violations of federal law." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). This exception to Eleventh Amendment immunity, however, "does not permit judgments against state officers declaring that they violated federal law in the past." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993).

Federal courts can order prospective relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a). Injunctive relief afforded by a court must be narrowly tailored or proportional to the scope of the violation and extending no further than necessary to remedy the violation. *Brown v. Plata*, 563 U.S. 493, 531 (2011).

Mr. Walker seeks injunctive and declaratory relief against all Defendants in their official capacities.[8] To the extent he alleges an ongoing constitutional violation, Mr. Walker may proceed against Defendants in their official capacities. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing *Ex parte Young*, 209 U.S. 123).

In his request for injunctive relief, however, Mr. Walker seeks a permanent injunction enjoining Defendants from further violations of his Eighth and Fourteenth Amendment rights, not to remedy an ongoing violation of Mr. Walker's constitutional rights. Moreover, "an injunction [must] be 'more specific than a simple command that the defendant obey the law.'"

---

[8] Any claims for money damages against Defendants, who are state employees, in their official capacities are barred by the Eleventh Amendment and therefore must be dismissed. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

*L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 620 (S.D.N.Y. 2018) (quoting C*ity of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011)).

To the extent that Mr. Walker seeks a declaratory judgment that his rights had been violated, this "notice relief" likewise "is not the type of remedy designed to prevent ongoing violations of federal law, the Eleventh Amendment limitation on the Article III power of federal courts prevents them from ordering it as an independent form of relief." *Green v. Mansour*, 474 U.S. 64, 71 (1985).

Accordingly, Mr. Walker's request for a declaratory judgment and a permanent injunction will be dismissed from this lawsuit under 28 U.S.C. § 1915A(b).

**ORDERS**

The Court enters the following orders:

(1) The case shall proceed against Lieutenant Nicholas in his individual capacity on Mr. Walker's Eighth Amendment excessive force claim and on his state law assault and battery claim for damages. All other claims are **DISMISSED**.

If Mr. Walker can allege facts sufficient to cure the deficiencies identified in this ruling, he may file a motion to amend and attach an amended complaint by **July 24, 2020**.

(2) The Clerk shall verify the current work address for Lieutenant Nicholas with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to him at his confirmed addresses by **July 10, 2020**, and report on the status of the waiver request by **July 24, 2020**. If the Defendant fails to return the waiver request, the Clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on the Defendant, and the Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs.

(4) Defendant shall file his response to the Complaint, either an answer or motion to dismiss, by **August 18, 2020**. If the Defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. The Defendant may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed by **December 18, 2020**. Discovery requests need not be filed with the Court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed by **January 15, 2021**.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Mr. Walker changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Mr. Walker must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Walker has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(10) Mr. Walker shall utilize the Prisoner E-filing Program when filing documents with the court. Mr. Walker is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendant's counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of June, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE